FILED
2022 APR -7 PM 12:42
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CARLOS TEJEDA and
JUAN TEJEDA

CASE NO. 2:22-cr-36-SPC-NPM
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 2

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (Conspiracy to Commit Wire Fraud)

### A. Introduction

At times material to this Indictment:

1. Carlos Tejeda and Juan Tejeda were residents of the Middle District of Florida. Carlos Tejeda was the father of Juan Tejeda.

2. Tejeda Trucking Repair & Service, Inc. ("Tejeda Trucking") was a Florida corporation controlled by Carlos Tejeda with its stated principal place of business in Cape Coral, Florida. Tejeda Trucking was used by Carlos Tejeda to open bank accounts at various financial institutions, to apply for merchant processing services, to obtain credit and debit card point-of-sale payment terminals, and to conduct fraudulent transactions using stolen and unauthorized

credit and debit card numbers.

2. Shell Company A, Shell Company B, Shell Company C, Shell Company D, and Shell Company E (hereafter collectively "the shell companies") were Florida limited liability companies or Florida corporations formed between July 2016 and September 2017, each with its stated principal place of business in Cape Coral, Florida. The shell companies were used to open bank accounts at various financial institutions, to apply for merchant processing services, to obtain credit and debit card point-of-sale payment terminals, and to conduct fraudulent transactions using stolen and unauthorized credit and debit card numbers.

3. Financial Institution 1, Financial Institution 2, Financial Institution 3, Financial Institution 4, Financial Institution 5, and Financial Institution 6 were all federally insured "financial institutions," as that term is defined by 18 U.S.C. § 20. As such, they offered checking and savings accounts and issued credit and debit cards to their customers.

**B. <u>The Conspiracy</u>**

4. Beginning on an unknown date, but no later than in or around July 2016, and continuing through at least August 15, 2018, in the Middle District of Florida and elsewhere, the defendants,

**CARLOS TEJEDA and
JUAN TEJEDA,**

did knowingly and willfully combine, conspire, confederate, and agree, with one another and with others, both known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

### C. Manner and Means of the Conspiracy

5. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a. It was a part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did create and cause others to create the shell companies that typically were non-operational entities with no legitimate business operations, in the Middle District of Florida;

b. It was a further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did open and cause others to open bank accounts for the shell companies at various federally insured financial institutions in the Middle District of Florida;

c. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did apply for and cause others to apply for merchant processing services for the shell companies to acquire point-of-sale payment terminals to enable the shell companies to accept credit and debit card payments for goods and services purportedly provided to customers;

d. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did acquire and possess and cause others to acquire and possess unauthorized credit and debit card account numbers, that is, credit and debit card account numbers which had been stolen from and obtained with intent to defraud victim account holders, including victims who resided in the Middle District of Florida;

e. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did possess and cause others to possess device-making equipment for the purpose of producing counterfeit access devices fraudulently encoded with unauthorized credit and debit card account numbers;

g. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did produce and cause others to produce counterfeit access devices fraudulently encoded with unauthorized credit and debit card account numbers;

h. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did possess and cause others to possess counterfeit access devices fraudulently encoded with unauthorized credit and debit card account numbers;

i. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did swipe and use and cause others to swipe and use counterfeit access devices in point-of-sale payment terminals controlled by the shell companies to conduct and attempt to conduct fraudulent and unauthorized credit and debit card transactions;

j. It was further part of the conspiracy that when Carlos Tejeda and Juan Tejeda and other conspirators, and those acting at their direction, swiped and used counterfeit access devices in point-of-sale payment terminals, they were falsely representing to victim account holders' financial institutions that these charges were approved payments for goods and services purportedly provided by the shell companies to victim account holders;

k. It was further part of the conspiracy that when Carlos Tejeda and Juan Tejeda and other conspirators, and those acting at their direction, swiped and used counterfeit access devices in point-of-sale payment terminals, they would and did cause payment processors and financial institutions to transmit wire communications in interstate commerce;

l. It was further part of the conspiracy that when Carlos Tejeda and Juan Tejeda and other conspirators, and those acting at their direction, conducted and attempted to conduct fraudulent and unauthorized credit and debit card transactions, they would and did cause victims' financial institutions to approve unauthorized charges, resulting in money being debited from victims' accounts and credited to bank accounts controlled by conspirators and those acting at their direction;

m. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did direct owners and operators of the shell companies to convert fraud proceeds to cash by making ATM or bank withdrawals from the shell companies' accounts;

n. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators did receive a portion of fraud proceeds for their own personal enrichment and entertainment and to promote and perpetuate the scheme to defraud;

o. It was further part of the conspiracy that Carlos Tejeda and Juan Tejeda and other conspirators would and did engage in meetings, perform acts, and make statements to promote and achieve the objects of the conspiracy, and to misrepresent, hide, conceal, and cause to be misrepresented, hidden, and concealed, the purposes of the conspiracy and the acts committed in furtherance

thereof.

All in violation of 18 U.S.C. § 1349.

**COUNTS TWO THROUGH EIGHTEEN**
**(Wire Fraud)**

**A. Introduction**

1. The Grand Jury hereby realleges Part A, paragraphs 1-3, of Count One of this Indictment and incorporates such paragraphs by reference as though fully set forth herein.

**B. The Scheme to Defraud**

2. Beginning on an unknown date, but no later than in or around July 2016, and continuing through at least August 15, 2018, in the Middle District of Florida and elsewhere, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

**C. Manner and Means of the Scheme to Defraud**

3. The manner and means of the scheme and artifice to defraud are set forth in Part C, paragraphs 5(a) – 5(o), of Count One of this Indictment, the

allegations of which are realleged and incorporated by reference as though fully set forth herein.

## D. Execution of the Scheme to Defraud

4. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, aiding and abetting each other and others, did knowingly and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, the following:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| TWO | November 10, 2017 | Debit card charge for $1,350 using card number ending in -6943 issued by Financial Institution 1 to B.B. from Shell Company E's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| THREE | November 10, 2017 | Debit card charge for $1,000 using card number ending in -6943 issued by Financial Institution 1 to B.B., from Shell Company E's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |

| | | |
|---|---|---|
| **FOUR** | November 12, 2017 | Debit card charge for $1,000 using card number ending in -6202 issued by Financial Institution 2 to C.S. from Shell Company B's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **FIVE** | November 12, 2017 | Debit card charge for $1,250 using card number ending in -6202 issued by Financial Institution 2 to C.S. from Shell Company B's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **SIX** | November 14, 2017 | Debit card charge for $1,500 using card number ending in -8617 issued by Financial Institution 3 to R.R. from Shell Company C's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **SEVEN** | November 14, 2017 | Debit card charge for $1,125 using card number ending in -8617 issued by Financial Institution 3 to R.R. from Shell Company C's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **EIGHT** | November 15, 2017 | Debit card charge for $1,550 using card number ending in -8617 issued by Financial Institution 3 to R.R. from Shell Company A's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |

| | | |
|---|---|---|
| **NINE** | November 15, 2017 | Debit card charge for $1,450 using card number ending in -8617 issued by Financial Institution 3 to R.R. from Shell Company A's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **TEN** | December 3, 2017 | Debit card charge for $1,680 using card number ending in -5430 issued by Financial Institution 4 to G.C. from Shell Company D's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **ELEVEN** | December 3, 2017 | Debit card charge for $1,220 using card number ending in -5430 issued by Financial Institution 4 to G.C. from Shell Company D's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **TWELVE** | December 13, 2017 | Debit card charge for $2,724 using card number ending in -2341 issued by Financial Institution 5 to J.S. from Tejeda Trucking's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **THIRTEEN** | April 4, 2018 | Debit card charge for $1,100 using card number ending in -8438 issued by Financial Institution 3 to J.B. from Tejeda Trucking's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |

| | | |
|---|---|---|
| **FOURTEEN** | April 4, 2018 | Debit card charge for $1,600 using card number ending in -8438 issued by Financial Institution 3 to J.B. from Tejeda Trucking's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **FIFTEEN** | June 16, 2018 | Credit card charge for $1,740 using card number ending in -0079 issued by Financial Institution 6 to H.O. from Tejeda Trucking's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **SIXTEEN** | June 16, 2018 | Credit card charge for $1,260 using card number ending in -0079 issued by Financial Institution 6 to H.O. from Tejeda Trucking's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **SEVENTEEN** | July 17, 2018 | Credit card charge for $1,380 using card number ending in -5391 issued by Financial Institution 6 to K.C. from Shell Company A's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |
| **EIGHTEEN** | July 17, 2018 | Credit card charge for $1,100 using card number ending in -5391 issued by Financial Institution 6 to K.C. from Shell Company A's payment terminal in the Middle District of Florida to payment processing servers outside of the State of Florida. |

In violation of 18 U.S.C. §§ 1343 and 2.

**COUNTS NINETEEN THROUGH TWENTY-FIVE**
**(Aggravated Identity Theft)**

On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

aiding and abetting each other and others, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person identified by his or her initials below, during and in relation to the felony offense of Wire Fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| **NINETEEN** | November 10, 2017 | Debit card number issued to B.B. ending in -6943 |
| **TWENTY** | November 12, 2017 | Debit card number issued to C.S. ending in -6202 |
| **TWENTY-ONE** | November 15, 2017 | Debit card number issued to R.R. ending in -8617 |
| **TWENTY-TWO** | December 3, 2017 | Debit card number issued to G.C. ending in -5430 |

| | | |
|---|---|---|
| **TWENTY-THREE** | April 4, 2018 | Debit card number issued to J.B. ending in -8438 |
| **TWENTY-FOUR** | June 16, 2018 | Credit card number issued to H.O. ending in -0079 |
| **TWENTY-FIVE** | July 17, 2018 | Credit card number issued to K.C. ending in -5391 |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

**COUNT TWENTY-SIX**
**(Possession of Device-Making Equipment)**

On or about August 15, 2018, in the Middle District of Florida, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

aiding and abetting each other and others, did knowingly and with intent to defraud, have control of and possess device-making equipment, specifically, an MSR605X magnetic stripe card encoder, said conduct affecting interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(4), 1029(c)(2), and 2.

## FORFEITURE

1. The allegations contained in Counts One through Eighteen and Count Twenty-Six of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 1349 or 1343, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1029, the defendants,

**CARLOS TEJEDA and**
**JUAN TEJEDA,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property, constituting or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

5. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

6. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to or deposited with, a third person;

c.

d. has been placed beyond the jurisdiction of the Court;

e. has been substantially diminished in value; or

f. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), and 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]
Foreperson

ROGER B. HANDBERG
United States Attorney

By: Simon R Eth
Simon R. Eth
Assistant United States Attorney

By: Jesus M. Casas
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
APR 1991

No. 2:22-cr-

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

CARLOS TEJEDA and
JUAN TEJEDA

**INDICTMENT**

Violations:

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(a)(4)

A true bill,

[redacted]
Foreperson

Filed in open court this 7th day
of April, 2022.

_______________________
Clerk

Bail $_______________

GPO 863 525